

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS OLVERO-HERNANDEZ,<br><br>Defendant. | Cr. No. 11-2798GT<br><br>**ORDER** |

On January 24, 2012, Defendant, Carlos Olvero-Hernandez ("Mr. Olvero"), filed Objections to the Presentence Report ("Objections"). The Court has fully considered these Objections, including the brief filed and the arguments presented. For the reasons stated below, Mr. Olvero's Objections are **DENIED.**

On July 11, 2011, Defendant, Carlos Olvero-Hernandez ("Mr. Olvero"), pled guilty to a one count Information charging him with Deported Alien Found in the United States, in violation of 8 U.S.C. § 1326(a) and (b).

On March 8, 2011, Mr. Olvero was arrested by the Chula Vista police on an outstanding felony warrant for possession of a controlled substance for sale. Mr. Olvero was booked into county jail and ICE was contacted. ICE confirmed that Mr. Olvero was a Mexican citizen who had

last been deported on June 17, 1997. On May 31, 2011, Mr. Olvero was released into ICE custody.

The original sentencing hearing was scheduled for October 31, 2011. However, in the PSR Mr. Olvero was given a +16, under § 2L1.2(b)(1)(A)(i) for his prior 1994 drug trafficking offense. The government's sentencing summary chart gave him a +12 for this same offense. Defense counsel requested a continuance to file an objection to the PSR and to brief the issue. The sentencing hearing was continued.

## OBJECTIONS

**1. Calculation of Sentence: DENY**

Mr. Olvero argues that Probation incorrectly calculated the sentence imposed for his 1994 drug trafficking offense. Mr. Olvero asserts that his total sentence was only 365 days, not the 545 days as calculated by Probation. On November 9, 1994, Mr. Olvero was sentenced to 180 days jail stayed until December 5, 1994 and 3 years probation. On January, 29, 1996, probation was revoked and Mr. Olvero was sentenced to the 180 days in jail. In June of 1997, Mr. Olevro's probation was again revoked. He was sentenced to 365 days in jail which was stayed on the condition he successfully complete a residential drug program. A warrant was issued on June 26, 1997 and remained outstanding until March 15, 2011. On March 15, 2011, Mr. Olvero's was sentenced to 365 days in jail and probation. Under the guidelines, each term of imprisonment for revocation of probation is added to the original term of imprisonment. *See* §4A1.2(k)(1) ("In the case of a prior probation. . . add the original term of imprisonment to **any** term of imprisonment imposed upon revocation." (emphasis added)) In this case Mr. Olvero was sentenced to 180 days for the first revocation and 365 days for second revocation, for a total of 545 days. Hence, Probation's calculation of 545 days pronounced sentence is correct.

**2. On Probation at Time of Instant Offense: DENY**

Mr. Olvero argues that he was not on probation at the time of the instant offense. This is incorrect. On June 16, 1997, Mr. Olvero's probation was revoked, reinstated and modified. At that time his probation was extended to September 1, 2011. Mr. Olvero then failed to appear and a warrant was issued for him on June 26, 1997. The warrant was outstanding until he was

2

11cr2798

arrested in May of 2011. Clearly, Mr. Olvero was on probation at the time of the instant offense.

**3. Scoring of 1994 Conviction: DENY**

Mr. Olvero argues that since his total time of imprisonment was only 365 days which is not greater than 13 months, this conviction should only score 2 points and not three. *See* § 4A1.1(a). This is incorrect. As stated above, the terms of pronounced sentences for the revocations of his probation are added for the scoring of the conviction under § 4A1.1(a). Accordingly, this conviction does score three points as stated by the Probation Officer.

Mr. Olvero also argues that Ninth Circuit law states that California state trial courts can not impose a sentence in county jail longer than 365 days as a condition of probation. According to Mr. Olvero, this means that his total pronounced sentence can not be greater than 365 days. This is incorrect. Under current law, a defendant can not actually do more than 365 days in county jail for probation revocations. But the pronounced combined sentences can be greater than 365 days. Application Note 2 of § 4A1.2 states "criminal history points are based on the sentence pronounced, not the length of time actually served." Hence, Mr. Olvero's total pronounced sentence was 545 days, which is greater than 13 months.

**4. 16 Level Enhancement: DENY**

Mr. Olvero objects that Probation gives him a +16 for his prior 1994 drug trafficking offense. Under § 2L1.2(b)(1)(A)(i), a +16 is appropriate for a drug trafficking offense for which the sentence imposed exceeds 13 months. As stated above Mr. Olvero's probation on his 1994 drug conviction was revoked on two separate occasions, first in 1996 and again in 2011. In 1996, Mr. Olvero was sentenced to 180 days in prison. In 2011, Mr. Olvero was sentenced to 365 days in prison for his second revocation. Under the guidelines, the two sentences are added together for a total of 545 days, which is greater than the required 13 months. Hence, the +16 is appropriate and Mr. Olvero's objection is be denied.

**5. Criminal History Score: DENY**

Based on the above objections, Mr. Olvero argues that his criminal history score should be a II and not a III as calculated by Probation. Since the above objections are denied, Probation

correctly scored the conviction and that the instant offense was committed while on probation, Mr. Olvero's criminal history score is a III as calculated by Probation. Hence, this objection is denied. Accordingly,

**IT IS ORDERED** that Mr. Olvero's Objections to the Presentence Report are **DENIED.**

**IT IS SO ORDERED.**

3-8-12
date

GORDON THOMPSON, JR.
United States District Judge

cc: All counsel and parties without counsel