FILED MAR 29 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CARLOS OLVERO-HERNANDEZ,<br>Defendant. | Cr. No. 11-2798GT<br><br>**ORDER** |

On March 28, 2012, Defendant, Carlos Olvero-Hernandez ("Mr. Olvero"), filed a Motion to Reconsider this Court's order denying the Government's Motion to Dismiss Information. For the reasons stated below, the Motion to Reconsider is **DENIED**.

On July 25, 2011, Defendant, Carlos Olvero-Hernandez ("Mr. Olvero"), pled guilty to a one count Information charging him with Deported Alien Found in the United States, in violation of 8 U.S.C. § 1326(a) and (b).

The original sentencing hearing was scheduled for October 31, 2011. However, Probation gave Mr. Olvero a 16 level enhancement for his prior 1994 drug trafficking offense and the government only gave him a 12 level enhancement for this same offense. Defense counsel requested a continuance to file an objection to the PSR and to brief the issue. The sentencing

hearing was continued several times until March 8, 2012. Subsequently, Mr. Olvero also filed a Motion to Withdraw Guilty Plea.

On March 8, 2012, this Court issued written orders denying Mr. Olvero's Motion to Withdraw Guilty Plea and Objections to the PSR. The central issue in both the Motion to Withdraw Guilty Plea and Objections to the PSR was the scoring under the guidelines of Mr. Olvero's 1994 drug trafficking conviction. Mr. Olvero argued that he was sentenced to a total of 365 days in prison for this offense. According to Mr. Olvero, this conviction should only score 2 points and not merit the 16 level enhancement for a drug trafficking offense. The PSR and Addendum to the PSR correctly stated that Mr. Olvero was sentenced to a total of 545 days in prison for this offense. Accordingly, the offense scores three points and qualifies for the 16 level enhancement.

Mr. Olvero then requested two more continuances to brief the issue of the scoring of the 1994 drug trafficking offense and the Court's orders. The sentencing hearing was set for April 9, 2012. On March 26, 2012, the Goverment filed a Motion to Dismiss the Information under Federal Rules Criminal Procedure 48(a), with no reason other than "the interest of justice." On March 28, 2012, this Court denied the Government's Motion stating that the Government had not given any reason and that the defendant had already pled guilty. Also, on March 28, 2012 (the same day), Mr. Olvero filed a Motion for Reconsideration of this Court's March 28, 2012 order. Mr. Olvero argues that this Court is limited in its discretion to deny an unopposed Rule 48(a) motion.

Under current Ninth Circuit law, the Court is limited in denying an unopposed Rule 48(a) motions. *See* United States v. Garcia-Valenzuela, 232 F.3d 1003 (9th Cir. 2000); United States v. Gonzalez, 58 F.3d 459 (th Cir. 1995). The Ninth Circuit has stated that the district court may deny an uncontested Rule 48(a) motion if it is "clearly contrary to manifest public interest." Gonzalez, 58 F.3d at 461 (quoting United states v. Weber, 721 F.2d 266, 268 (9th Cir. 1984)). The Ninth Circuit applies the "abuse of discretion" standard for review. Id.

In this case, the central issue is the scoring of Mr. Olvero's 1994 prior drug trafficking conviction. There has been numerous continuances, arguments and briefing on the issue. Ultimately, the Court made its decision and issued written orders denying Mr. Olvero's Motion to

Withdraw Guilty Plea and Objections. The Government then brought a Motion to Dismiss Information without giving any reason. This Court finds that it is "clearly contrary to manifest public interest" for the parties to circumvent adverse rulings by agreeing to dismiss the current proceedings. Although the Government does have the power and discretion to prosecute, dismissing proceedings after adverse rulings by the Court seriously undermines the authority of the Court and is definitely against the interests of the public. **Accordingly,**

**IT IS ORDERED** that the Defendant's Motion for Reconsideration of denial of the Government's Motion to Dismiss the Information is **DENIED.**

**IT IS SO ORDERED.**

March 29, 2012
date

GORDON THOMPSON, JR.
United States District Judge

cc: All counsel and parties without counsel